DUQUESNE NAT. BANK OF PITTSBURGH, for use, etc., *v.* MILLS, SR., and others.[1]

*(Circuit Court, W. D. Pennsylvania.* September 5, 1883.)

1. COSTS—SCIRE FACIAS.

If the defendant in a *scire facias* pay the debt and interest before plea pleaded or demurrer joined, there can be no judgment against him for costs.

2. SAME—EXECUTION AGAINST SURVIVING PARTNER—LIABILITY OF ESTATE OF DECEASED PARTNER.

An execution was issued against one member of a firm as surviving partner of a firm debt. *Held,* to be good as respects him and firm property in his hands, but a nullity as respects the individual estate of the deceased partner, and costs incurred on the writ could not be levied immediately on his estate. To bind the decedent's estate for these costs his personal representatives must be brought in, pursuant to section 33 of act February 24, 1834.

[1]From the Pittsburgh Legal Journal.

### Stipulation:

PITTSBURGH, July 26, 1883.

The death of Isaac Mills, Sr., one of the defendants, on the —— day of January, 1880, is hereby suggested, and it is agreed that his administrators, Isaac Mills, Jr., Charles Mills, and James K. Mills, appear as if to a *scire facias* under the thirty-third section of act of February 24, 1834, relating to executors and administrators. P. L. 73.

### Pleas filed July 31, 1883:

The defendants named in the said writ of *scire facias*, Isaac Mills, Jr., Charles Mills, and James K. Mills, administrators of all, etc., of the said Isaac Mills, Sr., for plea thereunto, and for the purpose of showing cause against the issuing of execution against the goods and chattels, etc., of their said intestate, do say that on the —— day of July, A. D. 1883, there was tendered on their behalf to the said plaintiff and accepted by him the sum of $381.87, which sum is the full amount of debt, interest, and costs accrued upon said judgment, except the amount of the costs incurred on the writ of *fieri facias* at No. 19, May term, 1882, last issued, which writ was sued out after the death of the said intestate, and this they are ready to verify.

And for further plea in this behalf they say that the said writ so issued as aforesaid, after the death of said intestate, was sued out and used by the plaintiff for the sole purpose of perfecting said plaintiff's title or claim to certain real estate levied on thereunder, and not for the purpose of collecting the debt, interest, and costs of said judgment, and was in fact so used and controlled by said plaintiff for his private purpose aforesaid; that nothing was realized thereon, though there would have been a large enough sum made to pay the said costs in full if the said plaintiff had not stayed the said writ. And the said defendants aver that they have paid in full unto the said plaintiff all the debt, interest, and costs due under said judgment, except the costs of the said writ of *fieri facias*, and this they are ready to verify.

Wherefore, they pray judgment if said plaintiff ought to have execution of the aforesaid goods and chattels, etc.

### Demurrer of plaintiff, filed July 31, 1883:

(1) H. W. Weir, to the first plea pleaded to this *scire facias*, demurs, etc.; and for demurrer, etc., says:

(2) The second plea pleaded by the defendants is hereby traversed and denied, and the statement of facts contained in Exhibit A is to be taken as the evidence upon which the second plea is to be determined.

### Statement of facts agreed upon by counsel:

The last *fieri facias*, No. 19, May term, 1882, was levied on land which had been sold by the sheriff under a judgment, the lien of which had been continued and revived against the recorded title of John Nichols alone, after the other defendants in this present judgment, then his copartners in the Youghiogheny Cement Company, had acquired from him interest in said land. James A. Dick purchased the land at said sale. The present judgment was a junior lien at time of said sale. Having become the assignee of *this* judgment, Mr. Dick caused the appearance of Messrs. Weir & Gibson to be entered for him.

Mr. Dick came to the sale advertised under said writ accompanied by Mr. Weir.

The notices tacked to the writ were read before the bidding began. Mr. Dick first bid $50. Isaac Mills, Jr., bid (say) $100, and J. M. Miller bid (say) $110. Whereupon the writ was stayed as indorsed.

It is not denied that prior to the issuing of the last writ Mr. Dick had assigned the present judgment to Mr. H. W. Weir, one of the attorneys whose appearance is entered for Mr. Dick.

Mr. Weir denies the inference from these facts that the *fieri facias* was used to perfect the title of Mr. Dick to said land, but maintains that it was only used to try to collect the debt and costs out of partnership assets.

*H. W. Weir,* for plaintiff.

*W. Macrum, contra.*

ACHESON, J.  1. It was held in *McCoy* v. *Loughery,* 11 Phila. 302, (per LUDLOW, P. J.,) that if the defendant in a *scire facias* pay the debt and interest before plea pleaded or demurrer joined, there can be no judgment against the defendant for costs. That seems to be a well-considered case, and the principle there maintained would defeat the judgment sought in this case, for here the debt and interest, and all costs save those upon *alias fi. fa.* No. 19, May term, 1882, were paid before the present proceeding was instituted.

2. The execution against John Nichols, surviving partner, alone, without a previous *scire facias* to bring in the administrators of Isaac Mills, Sr., deceased, was, I think, regular as respects Nichols, and it may be conceded that firm property in the hands of Nichols might have been seized and sold on that execution; but, so far as concerns the individual estate of the decedent, the execution was a nullity, (*Cadmus* v. *Jackson,* 52 Pa. St. 306,) and it is certain that the costs incurred upon that writ could not have been immediately levied of the decedent's individual estate. It would seem, therefore, to follow logically that the decedent's estate in the hands of his administrators cannot be reached for those costs through the medium of a *scire facias quare execution non.* If the plaintiff intended to charge those costs against Mills' individual estate he should, before suing out execution, have brought in the personal representatives, pursuant to section 33 of the act of the twenty-fourth of February, 1834, (Purd. 425, pl. 101.)

3. The admitted facts fairly established the truth of the second plea. James A. Dick, the equitable plaintiff of record, had, indeed, assigned the judgment to Mr. Weir, his counsel; but the relation of the latter to him justifies the inference (in the absence of any evidence to the contrary) that the assignment was in the interest of Mr. Dick. Now it may have been entirely proper for Mr. Dick to seek to perfect his title in the manner attempted, but it would hardly be just to cast the expenses attending the experiment upon the individual estate of Isaac Mills, Sr., deceased, whose personal representatives had not been forewarned by *scire facias.*

Upon the whole, I am of opinion that the plaintiff is not entitled to judgment against the administrators of Isaac Mills, deceased, for the costs in question. And now, September 5, 1883, it is ordered and adjudged that the plaintiff ought not to have execution of the goods and chattels, etc., of Isaac Mills, Sr., deceased, etc., and that judgment be entered for the administrators of said decedent upon their pleas, etc.